**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)**

| | |
|---|---|
| ALL-AMERICAN PACKAGING, LLC, § § Plaintiff, § § C.A. No. ____ v. § § JURY TRIAL DEMANDED MARS, INCORPORATED, MARS § CHOCOLATE NORTH AMERICA, LLC, § WRIGLEY MANUFACTURING § COMPANY, LLC § Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff All-American Packaging, LLC ("All-American") files this Original Complaint against Defendants Mars, Incorporated, Mars Chocolate North America, LLC, and Wrigley Manufacturing Company, LLC (collectively, "Mars" or "Defendants") for infringement of U.S. Patent No. 6,405,921 ("the '921 patent").

## THE PARTIES

1.     All-American Packaging, LLC is a Texas corporation with its principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2.     Mars, Incorporated is a Delaware corporation with a principal place of business at 800 High St, Hackettstown, NJ 07840-1552. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

3.     Mars Chocolate North America, LLC is a Delaware corporation with a principal place of business at 800 High St, Hackettstown, NJ 07840-1552. This Defendant may be served

with process through its agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4. Wrigley Manufacturing Company, LLC is a Delaware corporation with a principal place of business at 800 High St, Hackettstown, NJ 07840-1552. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284, among others.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other things, each of the Defendants is subject to personal jurisdiction in this district, has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Further, a substantial part of the acts giving rise to the allegations of this Complaint occurred in this District.

8. On information and belief, each of the Defendants is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

9. On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

10. On information and belief, and only by way of example of Defendants' presence and infringing acts in this District, Mars operates a large manufacturing facility located at 1001 Texas Central Pkwy, Waco, TX 76712 (the "Waco Facility"). The Waco Facility houses numerous employees, including "Packaging Project Engineers." The Waco Facility designs, assembles, configures, and/or works with transportation and display containers, including one or more of the transportation and display containers described below.

## COUNT I
### (Infringement of U.S. Patent No. 6,405,921)

11. All-American incorporates paragraphs 1 through 10 herein by reference.

12. All-American is the assignee of the '921 patent, entitled "Perforated carton and product display system," with ownership of all substantial rights in the '921 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements. A true and correct copy of the '921 patent is attached as Exhibit A.

13. The '921 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Defendant has and continues to directly infringe one or more claims of the '921 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of All-American, by or through their making, having made, offering for sale,

selling, importing, and/or using perforated transportation and display containers, including, but not limited to the containers such as the one shown below:



15. Such transportation and display containers, include, but are not limited to, containers used for the following products: 3 Musketeers, Bounty, Mars, Milky Way, M&M's, Snickers, Twix, Skittles, and Starburst.

16. Since at least service of the Original Complaint Defendant's infringement has been willful.

17. Defendant's transportation and display containers are a perforated carton adapted for transporting and displaying products. Defendant's transportation and display containers include multiple side panels. Defendant's transportation and display containers include a top panel, having for top corners. Further, Defendant's transportation and display containers define a display area between the four top corners. Defendant's transportation and display containers include a bottom panel.

18. Defendant's transportation and display containers include perforations along the surface of at least two of said panels. The perforations are adapted for separation of the carton into a display portion and a discardable portion. The display portion is substantially unobstructed in the display area of the plane of the top panel and extending into at least one of the side panels. When the carton is separated, the only portion of the carton remaining in the top panel is one or more top corners formed respectively at the intersection of two of the side panels and the top panel.

19. Defendant's transportation and display containers directly infringe at least claim 1 of the '921 patent.

20. All-American has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to All-American in an amount that adequately compensates All-American for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

All-American hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

# **PRAYER FOR RELIEF**

All-American requests that the Court find in its favor and against Defendant, and that the Court grant All-American the following relief:

a. A judgment in favor of All-American and against Defendant on each of All-American's claims;

b. A judgment that the Defendant has directly infringed the patents-in-suit;

c. A preliminary and permanent injunction preventing Defendant and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and inducing the infringement of the patents-in-suit;

d. A judgment that Defendant's infringement of the '921 patent has been willful;

e. A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to All-American its attorneys' fees incurred in prosecuting this action;

f. A judgment and order requiring Defendant to pay All-American damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284.

g. A judgment and order requiring Defendant to pay All-American the costs of this action (including all disbursements);

h. A judgment and order requiring Defendant to pay All-American pre-judgment and post-judgment interest on the damages awarded;

i. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that All-American be awarded a compulsory ongoing licensing fee;

j. That All-American be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 2, 2016

Respectfully submitted,

/s/ *Patrick J. Conroy*
Patrick J. Conroy
Texas Bar No. 24012448
Jonathan H. Rastegar
Texas Bar No. 24064043

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
pconroy@bcpc-law.com
jrastegar@bcpc-law.com

Attorneys for Plaintiff
**ALL-AMERICAN PACKAGING, LLC**